[Cite as *In re A.P.*, 196 Ohio App.3d 500, 2011-Ohio-5998.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

IN RE A.P.

C.A. No.      11CA0049-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos.    2010 06 NE 0022
               2010 06 DE 0023

DECISION AND JOURNAL ENTRY

Dated: November 21, 2011


Daniel F. Gigiano, for appellant.

Jennifer Matyac, for appellee.

Richard Barbera, for appellee.

Jennifer Moore, for appellee.

Eugene Elias, for appellee.

Thomas A. McCormack, for appellees.


DICKINSON, Judge.

## INTRODUCTION

{¶ 1}  Tammy T., A.P.'s maternal grandmother, had legal custody of A.P. from 2009 until the trial court removed her from the case plan after she violated the terms of protective supervision.  In the same order, the trial court denied Tammy's motion for expanded visitation or

legal custody. Tammy has attempted to appeal that order. This court dismisses the attempted appeal because the trial court's order is not appealable under R.C. 2505.02.

BACKGROUND

{¶ 2} A.P. was born in December 2006. In December 2008, she was taken from her mother's care and placed in the temporary custody of Medina County Job and Family Services. In October 2009, the child was placed in the legal custody of her maternal grandmother, Tammy T. In June 2010, Medina County Job and Family Services filed a complaint alleging that A.P. was a dependent child under R.C. 2151.04(C) because Tammy had left the child in the care of her natural mother, Andrea P.

{¶ 3} In July 2010, the juvenile court journalized an order indicating that A.P.'s mother and grandmother had agreed to an adjudication of dependency and a disposition placing A.P. in the protective supervision of Medina County Job and Family Services. The trial court required Tammy to "ensure that all contact between the child and her mother, Andrea * * *, is approved by [the agency]." In August 2010, Job and Family Services accused Tammy of violating the court's orders by leaving A.P. in Andrea's care without the agency's approval. Job and Family Services moved the trial court to change the disposition to give the agency temporary custody of A.P., and after a hearing, the trial court granted the motion.

{¶ 4} In October, the agency moved the trial court to amend the case plan to allow for more flexibility in A.P.'s visits with Tammy. The guardian ad litem, Jennifer Matyac, objected to the proposed change and moved to terminate Tammy from the case plan. Matyac based her motion on allegations that A.P. had been talking about spending time with Tammy's boyfriend, who Matyac discovered is registered as a sexually oriented offender. In 2004, Floyd P. pleaded

guilty to a fourth-degree felony charge of gross sexual imposition involving his then ten-year-old daughter.

{¶ 5} Job and Family Services withdrew its motion, and Tammy moved the court for legal custody or expanded visitation. On March 24, 2011, following a hearing, the trial court determined that Tammy was not a suitable custodian for A.P. It granted Matyac's motion to terminate Tammy from the case plan and denied Tammy's motion for custody or expanded visitation. Tammy has attempted to appeal that order. Just before she filed her notice of appeal, the agency moved the trial court to modify A.P.'s disposition to give it permanent custody and terminate her natural parents' rights. The trial court granted Tammy's motion to stay execution of its March 24 order until this court has ruled on her appeal.

{¶ 6} This court ordered the parties to show cause why this appeal should not be dismissed for lack of an appealable order. Tammy responded, citing *In re C.S.*, 9th Dist. No. 25344, 2010-Ohio-4463, for the proposition that if she cannot immediately appeal the March 24 order, she will be denied effective relief in the future because she will be denied a meaningful opportunity to reunite with the child and "there [will be] an inadequate record from which to affirm the subsequent granting of permanent custody by the trial court."

### JURISDICTION

{¶ 7} Under the Ohio Constitution, Ohio's courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Constitution, Article IV, Section 3(B)(2). Certain interlocutory orders are appealable under R.C. 2505.02. See *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St. 3d 86 (1989), syllabus. Under R.C. 2505.02(B)(2), an order may be reviewed if it is an order in a "special proceeding" and it "affects

a substantial right." Juvenile court proceedings under R.C. Chapter 2151 are special statutory proceedings. *In re D.C.*, 9th Dist. No. 21008, 2003-Ohio-97, at ¶ 8, citing *State ex rel. Fowler v. Smith*, 68 Ohio St. 3d 357, 360 (1994); *Polikoff v. Adam*, 67 Ohio St. 3d 100, 104 (1993). Therefore, the order in this case is appealable if it "affects a substantial right."

**{¶ 8}** Tammy has argued that the trial court's March 24 order falls under the provisional-remedy subsection of the statute, but she has not explained how the order granted or denied a provisional remedy under R.C. 2505.02(B)(4). Her argument focuses on whether the order affects a substantial right. She has correctly pointed out that an order affects a substantial right only if, in the absence of an immediate appeal, appropriate relief would be foreclosed in the future. *Southside Community Dev. Corp. v. Levin*, 116 Ohio St. 3d 1209, 2007-Ohio-6665, at ¶ 7.

**{¶ 9}** The order does not foreclose Tammy's opportunity to obtain appropriate relief in the future. The trial court's March 24 order modified the case plan to remove Tammy and denied her motion for custody or increased visitation. It did not change A.P.'s disposition. Job and Family Services had temporary custody of the child for six months before the court's modification of the case plan. Tammy did not appeal the initial adjudication of dependency or the subsequent dispositional orders. Shortly after the trial court entered the March 24 order, the agency filed a motion for permanent custody. Tammy has the option of contesting that motion and filing her own opposing motion for legal custody. Thus, the March 24 order does not foreclose her opportunity to obtain appropriate relief in the future.

**{¶ 10}** Tammy has cited this court's decision in *In re C.S.*, 2010-Ohio-4463, in support of her argument that she will be unable to obtain relief in the future if she is prevented from visiting with the child for a substantial period of time before a permanent-custody hearing. She

has specifically argued that without visitation, she will be left with an inadequate record for the trial court's review of a future permanent-custody decision.

{¶ 11} In *In re C.S.*, this court reversed the trial court's decision granting permanent custody of a child to the Summit County Children Services Board and terminating the mother's parental rights because the decision was against the manifest weight of the evidence. *In re C.S.*, 2010-Ohio-4463, at ¶ 55. This court reasoned that because the mother was not permitted to visit with her child for nearly 18 months before the permanent-custody hearing, evidence of the relationship between the mother and child was distorted and could not be meaningfully measured. Id. at ¶ 44, 55. Contrary to Tammy's apparent implication, *In re C.S.* does not stand for the proposition that every change in visitation or modification of a case plan is an appealable order because it might affect the outcome of a future motion for permanent custody. In *In re C.S.*, this court did not analyze the appealability of any order modifying the case plan. The only issue was whether the order terminating the mother's parental rights and granting permanent custody to the agency was against the manifest weight of the evidence. This court determined that it was, and the mother who had been denied visitation for 18 months obtained relief via appeal at that time. Id. at ¶ 55.

{¶ 12} This case bears little resemblance to the situation in *In re C.S.* This is not an appeal of a permanent-custody decision. The trial court's order merely modified the goal of the case plan and denied a former custodian's motion for additional, less restrictive visitation or legal custody. The decision did not change the child's disposition and it is not a final dispositional order. The trial court stayed execution of its order for this attempted appeal so, presumably, Tammy has been visiting with A.P. for the last eight months. Job and Family Services has filed a motion for permanent custody, and there is no reason to believe there will be

a delay in the trial court hearing that motion. There is no indication that Tammy will be denied visitation for an extended period of time before the permanent-custody motion is heard. Furthermore, if the trial court grants the agency permanent custody, as a party to the case, Tammy can seek relief by appealing that decision, just as the mother did in *In re C.S.*

{¶ 13} This situation is closer to that considered by the Twelfth District Court of Appeals in *In re T.M.*, 12th Dist. Nos. 2006-01-001 and 2006-01-004, 2006-Ohio-6548. In that case, the parents and the maternal grandmother appealed an order modifying a case plan to provide for a goal other than reunification with the parents or the maternal grandmother. The child had been adjudicated dependent earlier that year and the trial court had granted temporary custody to Children Services. At a dispositional-review hearing, the trial court heard evidence and determined that reunification with either the parents or the maternal grandmother would not be in the child's best interest. Id. at ¶ 5. The trial court did not change the child's disposition, but ordered that Children Services should change the case-plan goal to reflect the court's decision regarding reunification. The Twelfth District held that the order changing the case plan goal was not appealable because it did not decide the case and prevent a judgment and the appellants would not be denied effective relief in the future. Id. at ¶ 23-25.

{¶ 14} There is no indication that Tammy will be foreclosed from obtaining appropriate relief in the future if she is not permitted to immediately appeal the trial court's March 24 order modifying the case plan. Therefore, the order is not one affecting a substantial right and is not appealable under R.C. 2505.02. Thus, we lack jurisdiction to consider Tammy's assignments of error.

CONCLUSION

**{¶ 15}** Tammy T. will not be foreclosed from obtaining appropriate relief in the future if she is not permitted to immediately appeal the trial court's order. The order did not affect a substantial right and therefore is not appealable under R.C. 2505.02. The attempted appeal must be dismissed.

Appeal dismissed.

_____

BELFANCE, P.J., and CARR, J., concur.