[Cite as *Richland Cty. Children Servs. Bd. v. Adam*, 2012-Ohio-2596.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| RICHLAND COUNTY CHILDREN | : | Patricia A. Delaney, P.J. |
| SERVICES BOARD | : | Sheila G. Farmer, J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | |
| | : | Case No. 2011CA0071 |
| -vs- | : | |
| | : | |
| | : | O P I N I O N |
| SPENCER A. ADAM | : | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:       Civil Appeal from Richland County
                                                        Court of Common Pleas, Juvenile
                                                        Division, Case No. 2010DEP00230

JUDGMENT:                                     Dismissed

DATE OF JUDGMENT ENTRY:         June 7, 2012

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

J. PETER STEFANUIK                        SPENCER A. ADAM, Pro Se
Richland County Children Services     1175 Harwood Drive, Apt. H
731 School Road                               Mansfield, Ohio  44906
Mansfield, Ohio  44907

For Stephanie Green                         Guardian Ad Litem

DALE MUSILLI                                   SHERYL GROFF
105 Sturges Avenue                          13 Park Avenue West, Suite 602
Mansfield, Ohio  44903                      Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Defendant-appellant, Spencer Adam, appeals from the Richland County Juvenile Court's denial of his motion to terminate shared parenting and his motion to voluntarily relinquish parental rights.

## STATEMENT OF THE FACTS AND CASE

{¶2} M.A. (DOB 10/13/97) is the son of appellant Spencer Adam and Stephanie Green. On November 3, 2010, appellee Richland County Children Services ("RCCS") filed a complaint in the Richland County Court of Common Pleas, Juvenile Division, asking the court to find M.A. to be a dependent child and to grant protective supervision to RCCS. A pretrial conference before a Magistrate was held on January 12, 2011. After the parties were unable to reach an agreement concerning the complaint in this case, the Magistrate, pursuant to an order filed on January 21, 2011, ordered that the case be continued for trial.

{¶3} The trial court, as memorialized in a Judgment Entry filed on February 2, 2011, ordered that the trial be set for January 27, 2011. The trial court, in its Judgment Entry, noted that both appellant and Green had entered denials to the allegations contained in the complaint.

{¶4} An adjudicatory hearing before a Magistrate was held on January 27, 2011. Prior to the commencement of the hearing, Green admitted that M.A. was a dependent child. The Magistrate, as memorialized in a Decision filed on February 2, 2011, found that M.A. was a dependent child with respect to both parents. The parties agreed that the matter would proceed directly to disposition. The Magistrate, in his

Decision, recommended that M.A. remain in the custody and care of his mother subject to protective supervision by RCCS.

{¶5} On February 9, 2011, appellant filed a Motion to Terminate Parental Rights pursuant to R.C. 2151.414(E)(16). On February 11, 2011, appellant filed objections to the Magistrate's decision that M.A. was a dependent child as it relates to appellant. The objections were overruled via a Judgment Entry filed on March 3, 2011.

{¶6} Subsequently, the Magistrate, in an Order filed on April 6, 2011, recommended that appellant's Motion to Terminate Parental Rights be denied. The Magistrate stated that courts did not terminate the rights on one parent independent of the other and also that appellant's motion was premature because "the Protective Supervision Order was just granted by Magistrate's Decision filed February 2, 2011 (further approved and adopted by Judgment Entry filed March 3, 2011)."

{¶7} At a case plan review on April 28, 2011, appellant requested to be removed from the case plan and was removed from the same.

{¶8} On May 31, 2011, appellant filed another Motion to Terminate Parental Rights. Appellant, in his motion, asked that his parental rights be terminated at or before the annual case plan review and indicated that he "had repudiated his rights and responsibilities as a father." The Magistrate, in a Magistrate's Decision filed on June 9, 2011, again recommended that such motion be overruled because the trial court would not terminate the rights of one parent independent of the other and because the motion lacked merit. In response, appellant, on June 15, 2011, filed a "Motion to Object Motion to Terminate Shared Parenting Plan Motion to Change Name." Appellant, in his motion, asked, in part, that the child's surname be changed to Green. Appellant also asked that

"[i]n the alternative, or in addition to the motion to terminate parental rights and the objection to the Court's opinion on that motion", the trial court "terminate shared parenting rights under ORC 3109."

{¶9} Pursuant to a Judgment Entry filed on June 30, 2011, the trial court overruled appellant's objection to the Magistrate's June 9, 2011 Decision and approved and adopted the same. The trial court stated that a parent did not have a right, as a matter of law, to "unilaterally abandon one's parental duties." The trial court, in its Judgment Entry, further overruled appellant's request to terminate the shared parenting plan and to change the child's surname.

{¶10} On July 7, 2011, appellant filed a Motion to Object. Appellant, in such motion, objected to the denial of his motion for name change, his motion to terminate shared parenting and his motion for termination of parental rights. The trial court, as memorialized in a Judgment Entry filed on July 11, 2011, overruled appellant's Motion to Object. The trial court, in its Judgment Entry, stated, in relevant part, as follows:

{¶11} "WHEREAS on June 30, 2011 the Court entered judgment overruling various motions filed by Spencer Adam, biological father of the above-named child; and

{¶12} "WHEREAS included in said judgment was a record notation to the fact that Mr. Adam, who previously declined legal representation at public expense in this case, continues to file meritless, irrelevant, and/or superfluous motions/requests with the Court, such that the Court therein put Mr. Adam on notice that such filings should not continue; and

{¶13} "WHEREAS, notwithstanding said order to cease filing superfluous motions with the Court, Mr. Adam nevertheless proceeded to file on July 7, 2011 a

'Motion to Object,' which the Court finds is meritless, irrelevant, and/or superfluous on its face."

{¶14} Appellant now raises the following assignments of error on appeal:

{¶15} "I. "THE COURT'S DISMISSAL, AND/OR JUDGMENT, OF THE APPELLANT'S MOTION TO TERMINATE SHARE PARENTING RIGHTS AS IT RELATES TO THE FATHER, HOLDING THAT IT WAS A FRIVOLOUS MOTION AND WAS WITHOUT MERIT, INSTEAD OF DECIDING THE MOTION BASED ON THE BEST INTEREST'S ANALYSIS ENACTED UNDER R.C. 2151 AND R.C. 3109.

{¶16} "II. THE JUDGMENT OF THE COURT THAT THE VOLUNTARILY RELINQUISHMENT OF PARENTAL RIGHTS, WITH THE STIPULATION THAT FATHER MAINTAIN HIS CURRENT FINANCIAL OBLIGATION TO PAY CHILD SUPPORT, CANNOT BE GRANTED INDEPENDENT OF THE TERMINATION OF THE PARENTAL RIGHTS OF THE OTHER PARENT, AND IS NOT A RIGHT AS A MATTER OF LAW, IS AN ERRONEOUS INTERPRETATION TO THE EXTENT THAT ITS OPINION HOLDS THAT THE TERMINATION OF PARENTAL RIGHTS CANNOT BE UNILATERAL.  FURTHER, TO THE EXTENT THAT THE OPINION HOLDS THAT IT'S NOT A RIGHT AS A MATTER OF LAW, IT DEFEATS THE INTENT OF LEGISLATION BECAUSE THE COURT SHOULD HAVE DECIDED THIS MOTION UNDER A BEST INTEREST'S ANALYSIS INSTEAD OF MERELY HOLDING THAT IT WAS NOT A RIGHT AS A MATTER OF LAW.

{¶17} "III. THE IMPLICATION IN THE TRIAL COURT'S DECISION THAT THE FATHER'S DECISION TO FOREGO LEGAL REPRESENTATION DURING TRIAL MATERIALLY AFFECTED THE OUTCOME OF THE CASE IS IRRELEVANT TO THE

MOTION TO TERMINATE SHARED PARENTING AND VOLUNTARILY RELINQUISHING PARENTAL RIGHTS, AND IS AN ATTEMPT BY THE COURT TO SHIFT THE FOCUS OF THIS APPEAL FROM THE ACTUAL ISSUES, AND SHOULD BE DISREGARDED DURING THIS APPEAL.

{¶18} "IV. THE TRIAL COURT'S HOLDING THAT IT HAD PREVIOUSLY CAUTIONED THE FATHER ABOUT FRIVOLOUS MOTIONS, TO THE BEST KNOWLEDGE OF THE APPELLANT, IS NOT A TRUE STATEMENT IN THAT A NOTICE WAS NEVER SERVED UP THE APPELLANT, AND IS ALSO NOT TRUE IN THAT THE APPELLANT HAS YET TO FILE A FRIVOLOUS MOTION TO THE TRIAL COURT; OR AT LEAST REASONABLE MINDS COULD DIFFER AS TO WHETHER THESE MOTIONS WERE TRULY FRIVOLOUS AND WITHOUT MERIT."

I, III

{¶19} Appellant, in his first and third assignments of error, challenges the trial court's denial of his motion to terminate shared parenting rights as it relates to appellant.

{¶20} As noted by appellant in his filings in the trial court[1], the shared parenting plan was issued by the Richland County Domestic Relations Court, which is a separate division of the Court of Common Pleas, rather than the Juvenile Court. See R.C. 2301.03. We find that the trial court did not err in overruling appellant's motion to terminate the shared parenting plan because the underlying order granting shared parenting rights was issued by the Domestic Relations Division. As noted by appellee, the Richland County Juvenile Court had no jurisdiction to grant such order.

{¶21} Appellant's first assignment of error is, therefore, overruled.

---

[1] See, for example, appellant's February 9, 2011 Motion to Terminate Parental Rights.

II, III

**{¶22}** Appellant, in his second and third assignments of error, argues that the trial court erred in denying his motion to voluntarily relinquish parental rights.

**{¶23}** As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266, (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64, (1989); *Whitaker–Merrell v. Carl M. Geupel Const. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922, (1972).

**{¶24}** An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009–Ohio–5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20.

**{¶25}** For an order to be final and appealable, it must meet the requirements of R.C. 2505.02(B). R.C. 2505.02(B) provides:

**{¶26}** "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶27}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶28} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶29} In *In re Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, a trial court denied a children-services agency's motion to modify an order granting it temporary custody to an order of permanent custody.  The agency then appealed and the appellate court dismissed the agency's appeal of the denial for lack of a final, appealable order. The Ohio Supreme court affirmed.  The Ohio Supreme Court held that a children services agency did not have a substantial right in the permanent custody of children based on the fact that the agency had temporary custody of children.  The Ohio Supreme Court further held, in relevant part, as follows: "A trial court order denying the motion of a children-services agency to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2)." Id. at ¶35.  The court in such case noted that "the continuation of the agency's temporary custody does not determine the outcome of the action for neglect and dependency. Instead, all parties remain subject to further court order during the temporary-custody phase. A juvenile court has several ultimate dispositional options pursuant to R.C. 2151.415(A), and ordering the continuation of temporary custody does not preclude the juvenile court from exercising any of these options." *Id*

{¶30} We find, similarly, that the denial of the motion to terminate parental rights was not a final, appealable order. There is no substantial right involved in this case. Pursuant to R.C. 2505.02 (A)(1), substantial right means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure

entitles a person to enforce or protect. There is no substantial right to terminate one's parental rights and obligations. R.C. 2151.413 contemplates that only a public or private children services agency, not a private party, can file a motion for permanent custody. See also *In the Matter of: P.T.*, 5th District No. 2011CA00200, 2012-Ohio-1287 at Fn. 1. Moreover, as noted by appellee, the trial court in this case "clearly contemplated continued proceedings in the underlying dependency action…" It is possible that appellant's parental rights may be terminated further on in this case. Because the order denying the motion to terminate parental rights is not a final, appealable order, this Court lacks jurisdiction to review the same until the final disposition of this case.[2]

**{¶31}** Furthermore, assuming, arguendo, that the order appealed from was a final, appealable order, we find that appellant did not timely appeal from the same. The original order was issued by the trial court on June 30, 2011. Appellant, on July 7, 2011, filed an objection to such decision. The same was denied on July 11, 2011. Appellant's Notice of Appeal was then filed on August 10, 2011.

**{¶32}** Appellant had no right to file objections to the trial court's June 30, 2011, order if it were a final, appealable order. Appellant would have had to file his notice of appeal within thirty days of the June 30, 2011, order. His Notice of Appeal, therefore, was filed beyond the requirement of App.R. 4 for the timely filing of an appeal of the trial court's June 30, 2011, order.

---

[2] *See In Re A.P.,* 196 Ohio App.3d 500, 2011-Ohio-5998, 964 N.E.2d 56, 9th (Dist.), in which the Court held that the denial of a maternal grandmother's motion for legal custody or expanded visitation was not a final, appealable order because it did not decide the case and was not a final, dispositional order.

IV

{¶33} Appellant, in his fourth assignment of error, argues that the trial court erred when, in its July 11, 2011, Judgment Entry, it referred to appellant's motion to terminate shared parenting plan and motion to terminate parental rights as frivolous.

{¶34} Based on our disposition of appellant's first through third assignments of error, appellant's fourth assignment of error is moot.

{¶35} Appellant's fourth assignment of error is, therefore, overruled.

{¶36} Accordingly, the appeal is dismissed.

By: Edwards, J.

Delaney, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0125

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RICHLAND COUNTY CHILDREN SERVICES BOARD | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SPENCER A. ADAM | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA0071 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal is dismissed.  Costs assessed to appellant.

_____

_____

_____

JUDGES