DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David Pinchbeck, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that affirmed a magistrate's decision modifying child support. We reverse and remand.
 I. {¶ 2} On January 28, 1999, the trial court granted Appellant and Appellee, Patricia Pinchbeck, a divorce. As part of the judgment entry, the trial court ordered the parties to exercise shared parenting of their four minor children, and further ordered Appellee to pay child support to Appellant. Subsequently, Appellant commenced a proceeding with the Lorain County Child Support Enforcement Agency ("LCCSEA") seeking a modification of Appellee's child support obligation. Following an administrative hearing, the LCCSEA increased the amount of Appellee's child support obligation. Appellee appealed the LCCSEA's determination to the Lorain County Court of Common Pleas, and the trial court referred the matter to a magistrate. The magistrate conducted an objection hearing, and, thereafter, concluded that Appellee's child support obligation should be increased. Despite increasing Appellee's support obligation, the magistrate found that she was entitled to a deviation from the child support guidelines. Both parties objected to the magistrate's proposed decision, and the trial court sustained Appellant's objections and recommitted the case to the magistrate, finding that the magistrate erroneously calculated Appellee's support obligation. The magistrate issued its second proposed decision, and, again, increased Appellee's child support obligation and deviated from the child support guidelines. The parties objected. The trial court overruled both parties' objections, and adopted the magistrate's proposed decision. It is from this judgment that Appellant timely appeals, and raises two assignments of error for review.
 II. First Assignment of Error
"The trial court failed to properly calculate * * * appellee's child support obligation."
 Second Assignment of Error
"The trial court improperly deviated from the child support guidelines in determining * * * appellee's child support obligation."
 {¶ 3} In these assignments of error, Appellant challenges the trial court's decision regarding Appellee's child support obligation. Specifically, in his first assignment of error, Appellant contends that the trial court abused its discretion when it calculated Appellee's child support obligation. In his second assignment of error, Appellant contends that the trial court abused its discretion when it deviated from the child support guidelines, as no evidence existed to support the trial court's findings.
 {¶ 4} Initially, this court notes that the trial court did not completely comply with the requirements of R.C. 3119.22 when it deviated from the actual support obligation. R.C. 3119.22[1] governs a trial court's decision to deviate from a child support obligation, and states,
"The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in [R.C. 3119.23], the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
"If it deviates, the court must enter in the journal the amount ofchild support calculated pursuant to the basic child support schedule andthe applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." (Emphasis added.)
 {¶ 5} The requirements of R.C. 3119.22 are mandatory and must be literally and technically followed. Marker v. Grimm (1992),65 Ohio St.3d 139, paragraphs one and two of the syllabus; Marrero v.Marrero, 9th Dist. No. 02CA008057, 2002-Ohio-4862, at ¶ 29; Colemanv. Campbell, 11th Dist. No. 2001-G-2401, 2002-Ohio-3841. See DePalmo v.DePalmo (1997), 78 Ohio St.3d 535, 538. If a trial court fails to comply with the literal requirements of the statute, it results in reversible error. Farmer v. Farmer, 9th Dist. No. 03CA0001-M, 2003-Ohio-4385, at ¶ 9, quoting Carter v. Carter, 9th Dist. No. 21156, 2003-Ohio-240, at ¶ 25. See Marker, 64 Ohio St.3d 139 at paragraph one and two of the syllabus.
 {¶ 6} In the instant case, we find that the trial court failed to fully comply with the mandates of R.C. 3119.22 when deviating from the actual support obligation. Specifically, R.C. 3119.22 mandated the trial court to include in its judgment entry the actual support obligation from line 23 of the worksheet. As the trial court failed to include this figure in its judgment entry, and as R.C. 3119.22 must be literally and technically followed, we conclude that the trial court's judgment to deviate from the original support order constitutes reversible error. SeeFarmer at ¶ 10 (finding that the trial court's failure to comply with R.C. 3119.22 constituted reversible error); Graham v. Graham, 11th Dist. No. 2002-G-2410, 2003-Ohio-1098, at ¶ 7-9, ¶ 17 (concluding that the trial court's failure to include in its judgment entry the actual support obligation technically violated the mandates of R.C. 3119.22, and required reversal); Marrero at ¶ 32 (reversing and remanding issue to the trial court to allow it to comply with the requirements R.C. Chapter 3119). In light of these facts, we need not address Appellant's assignments of error. See Farmer at ¶ 10;Marrero at ¶ 32.
 III. {¶ 7} The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
WHITMORE, J. CONCURS, CARR, P.J. CONCURS IN JUDGMENT ONLY.
[1] R.C. Chapter 3119, which governs the procedures for awarding and calculating child support, repealed and replaced R.C. Chapter 3113, effective March 22, 2001. Additionally, we note that R.C. 3119.22, formerly R.C. 3113.215, now governs a trial court's decision to deviate from a child support schedule and worksheet.