DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Cynthia A. Ohlemacher, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which issued an amended child support order with regard to her and appellee, Jeffrey B. Ohlemacher. This Court reverses and remands.
 I. {¶ 2} The parties were divorced on February 14, 1994. The original judgment entry of divorce required appellee to pay $2,500.00 per month for the support of the parties' three children. On November 29, 1999, appellant filed a motion to modify the child support obligations of appellee. A hearing was subsequently held and the trial court issued a judgment entry on June 26, 2002, which increased appellee's monthly child support obligation to $3,906.24, a deviation from appellee's actual $9,885.72 obligation under the child support computation worksheet. That order was timely appealed and this Court reversed and remanded the case in Ohlemacher v. Ohlemacher, 9th Dist. No. 02CA008108, 2003-Ohio-368, holding the trial court erred when it based the child support award on the parties' adjusted gross income rather than their gross income as required by statute.
 {¶ 3} On March 4, 2003, the trial court issued its amended child support order. It is from this order that appellant timely appeals, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in failing to comply with Ohio revised code section 3113.215 in making its child support guidelines worksheet calculation."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in deviating from the child support amount calculated pursuant to the child support guidelines worksheet."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred in failing to make an award of attorney fees to appellant."
 {¶ 4} In her first assignment of error, appellant argues the trial court erred in failing to comply with R.C. 3113.215 in making its child support guidelines worksheet calculation. In her second assignment of error, appellant argues the trial court erred in deviating from the child support amount calculated pursuant to the child support guidelines worksheet. In her third assignment of error, appellant argues the trial court erred in failing to make an award of attorney fees to her.
 {¶ 5} As a preliminary matter, this Court notes that, once again, the trial court did not comply with the requirements of R.C. 3119.22 when it issued its amended judgment entry concerning appellee's child support obligation. R.C. 3119.22[1] governs a trial court's decision to deviate from a child support obligation, and provides the following:
"The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in [R.C. 3119.23], the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
"If it deviates, the court must enter in the journal the amount ofchild support calculated pursuant to the basic child support schedule andthe applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust orinappropriate and would not be in the best interest of the child, andfindings of fact supporting that determination." (Emphasis added.)
 {¶ 6} It is well settled that the requirements of R.C. 3119.22 are mandatory and must be literally and technically followed. Marker v.Grimm (1992), 65 Ohio St.3d 139, paragraphs one and two of the syllabus;Marrero v. Marrero, 9th Dist. No. 02CA008057, 2002-Ohio-4862, at ¶ 29; Pinchbeck v. Pinchbeck, 9th Dist. No. 03CA008227, 2003-Ohio-6125, at ¶ 5. If a trial court fails to comply with the literal requirements of the statute, it results in reversible error. Farmer v. Farmer, 9th Dist. No. 03CA0001-M, 2003-Ohio-4385, at ¶ 9, citing Carter v. Carter, 9th Dist. No. 21156, 2003-Ohio-240, at ¶ 25. See, also, Marker,64 Ohio St.3d 139 at paragraph one and two of the syllabus; Pinchbeck at ¶ 5.
 {¶ 7} In the instant case, this Court finds that the trial court failed to comply with the mandates of R.C. 3119.22 when it issued its amended judgment entry deviating from appellee's actual child support obligation. Specifically, R.C. 3119.22 mandated the trial court to include in its judgment entry the actual support obligation from line 23 of the worksheet. The court did not provide appellee's support obligation, nor did it establish appellee's specific monthly payment amount within its judgment entry. R.C. 3119.22 also mandated the court to state its findings of fact in support of its determination to deviate from the actual child support obligation. As the trial court failed to include the actual support obligation, appellee's monthly payment amount, or its findings of fact supporting the deviation from that obligation within its judgment entry, and as R.C. 3119.22 must be literally and technically followed, this Court concludes that the trial court's judgment to deviate from the original support order constitutes reversible error. See Farmer at ¶ 10 (finding that the trial court's failure to comply with R.C. 3119.22 constituted reversible error);Marrero at ¶ 32 (reversing and remanding issue to the trial court to allow it to comply with the requirements R.C. Chapter 3119). In light of these facts, this Court need not address appellant's assignments of error. See Farmer at ¶ 10; Marrero at ¶ 32.
 III. {¶ 8} Accordingly, the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, J. and Batchelder, J. concur.
[1] R.C. Chapter 3119, which governs the procedures for awarding and calculating child support, repealed and replaced R.C. Chapter 3113, effective March 22, 2001. This Court notes that R.C. 3119.22, formerly R.C. 3113.215, now governs a trial court's decision to deviate from a child support schedule and worksheet.