[Cite as *In re C.S.*, 2015-Ohio-5244.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: C.S.

C.A. No. 27783

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 14 01 0054

DECISION AND JOURNAL ENTRY

Dated: December 16, 2015

HENSAL, Presiding Judge.

{¶1} Appellant, Alfreda S. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed her minor child in the legal custody of Pamela S. For the following reasons, this Court affirms.

I.

{¶2} Mother is the natural mother of eight children, but only C.S., born January 28, 2014, is a party to this appeal. Mother suffers from substance abuse issues and previously lost custody of her other seven children. C.S. tested positive for cocaine and marijuana at birth and was subsequently adjudicated an abused and dependent child. Summit County Children Services ("Children Services") obtained temporary custody of C.S. shortly after her birth and placed her with Pamela S. C.S. has lived with Pamela S. and her four natural children since that time. Despite three separate paternity tests, the father of C.S. remains unknown.

{¶3} Mother participated in the Family Reunification Through Recovery Court. Mother's case plan objectives required her to: (1) identify C.S.'s father; (2) complete a chemical dependency assessment; (3) submit random urine screens; (4) complete a mental health assessment; (5) obtain stable housing; and (6) secure income sufficient to meet C.S.'s basic needs.

{¶4} Mother entered four residential or treatment facilities throughout the course of this case, but either voluntarily left or was discharged from each facility prior to completing treatment. First, Mother went to Community Health Center, but was discharged for noncompliance. Next, Mother went to Touchstone, but was discharged after an altercation on a bus during a shopping trip. Next, Mother went to a battered women's shelter, but was discharged for failing to follow the curfew rules. Lastly, Mother went to Interval Brotherhood Home, where she remained sober for 56 days, but left after an argument with a staff member. Mother testified that she began using drugs again after leaving Interval Brotherhood Home.

{¶5} In December 2014, almost one year after obtaining emergency temporary custody of C.S., Children Services moved the trial court to grant legal custody of C.S. to Pamela S. In response, Mother moved the trial court for legal custody, or in the alternative, for a six-month extension to complete her case plan. The magistrate held a hearing on the motions. After hearing testimony from Mother, Pamela S., the Children Services caseworker, and C.S.'s guardian ad litem, the magistrate issued a decision granting Pamela S. legal custody of C.S. and denying Mother's motion for a six-month extension.

{¶6} Mother filed an objection to the magistrate's decision, arguing that she had made significant progress on her case plan and, at a minimum, should have been granted the six-month extension. The trial court overruled Mother's objection and adopted the magistrate's decision.

In reaching its decision, the trial court found that it was in C.S.'s best interest to be placed in the legal custody of Pamela S., and that the record reflected a lack of clear and convincing evidence to support a grant of a six-month extension. Mother now appeals and raises two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PLACED C.S. IN THE LEGAL CUSTODY OF PAMELA [S.] RATHER THAN GRANT MOTHER'S MOTION FOR A SIX-MONTH EXTENSION.

{¶7} In her first assignment of error, Mother argues that the trial court abused its discretion in granting legal custody of C.S. to Pamela S. instead of granting her motion for a six-month extension. More specifically, Mother argues that she made substantial progress toward completing her case plan, and the trial court's decision was arbitrary and capricious in light of the difficulties she encountered along the way. Mother further argues that the six-month extension would have allowed her to: (1) complete substance abuse treatment; (2) continue mental health treatment; (3) obtain stable housing; and (4) secure income sufficient to meet C.S.'s basic needs.

{¶8} A trial court may grant an extension of temporary custody if it determines, by clear and convincing evidence, that: (1) the extension is in the best interest of the child; (2) there has been significant progress on the case plan of the child; and (3) there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise permanently placed within the period of extension. R.C. 2151.415(D)(1). We review a trial court's decision to grant or deny an extension of temporary custody for an abuse of discretion. *In re E.T.*, 9th Dist. Summit No. 23017, 2006-Ohio-2413, ¶ 79.

{¶9} Although Mother did encounter difficulties while attempting to complete her case plan (e.g., enduring a bed bug infestation while at Interval Brotherhood Home), she failed to successfully complete a single objective. At the time of the custody hearing, Mother was unemployed, had not obtained stable housing, and had not identified C.S.'s father. Additionally, a few weeks prior to the hearing, Mother testified positive for cocaine.

{¶10} Mother did, however, testify that she was currently engaged in another substance abuse program and was seeking treatment for her mental health issues. She also testified that she intended to look for a job upon completing treatment, and that she was on a waiting list for subsidized housing. But both C.S.'s guardian ad litem and Children Services caseworker testified that Mother had made almost no progress toward completing her case plan. Additionally, the Children Services caseworker testified that she had no indication that Mother would be able to complete her case plan objectives within six months. Similarly, C.S.'s guardian ad litem testified that she did not have confidence that Mother would make any further progress on her case plan within six months, and that her progress to date did not warrant an extension.

{¶11} The record reflects that the trial court considered the best interest of C.S., Mother's progress toward completing her case plan, and the likelihood that Mother and C.S. would be reunified within the proposed six-month extension. Given the evidence before the trial court, we cannot say that it abused its discretion in denying Mother's motion for a six-month extension. Mother's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED LEGAL CUSTODY OF C.S. TO PAMELA [S.] INSTEAD OF GRANTING MOTHER'S MOTION FOR A SIX-MONTH EXTENSION, AS LEGAL CUSTODY IS NOT IN THE BEST INTEREST OF C.S.

**{¶12}** In her second assignment of error, Mother argues that the trial court erred when it granted legal custody of C.S. to Pamela S. instead of granting Mother's motion for a six-month extension because legal custody was not in the best interest of C.S. Because C.S. had been adjudicated a neglected and dependent child, the trial court had several dispositional alternatives available to it, including awarding legal custody to a proposed legal guardian. *See* R.C. 2151.353(A). The decision to grant or deny a motion for legal custody is within the trial court's sound discretion. *In re M.S.*, 9th Dist. Summit No. 22158, 2005-Ohio-10, ¶ 11. This Court will not reverse that decision absent an abuse of discretion. *Id.* An abuse of discretion implies that a trial court was unreasonable, arbitrary, or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶13}** The statutory scheme regarding an award of legal custody does not include a specific test or set of criteria, but Ohio courts have determined that the trial court must base its decision on the best interest of the child. *See, e.g.*, *In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶ 23. We have previously indicated that the factors listed in Revised Code Section 2151.414(D) may provide some guidance in determining whether legal custody is in the best interest of a child. *In re B.C.*, 9th Dist. Summit Nos. 26976, 26977, 2014-Ohio-2748, ¶ 16, citing *In re T.A.*, 9th Dist. Summit No. 22954, 2006-Ohio-4468, ¶ 17. Those factors include: (1) the interaction and interrelationships of the child; (2) the wishes of the child; (3) the custodial history of the child; and (4) the child's need for permanence in her life. R.C. 2151.414(D)(1).

**{¶14}** Here, there is no dispute that Mother is bonded with C.S. According to C.S.'s guardian ad litem, Mother engaged appropriately with C.S. during visits and "knows how to be a mommy to a little girl." But Mother was inconsistent with visiting C.S., would disappear for

periods of time, continued to use drugs, failed to complete her case plan, and maintained contact with her physically abusive ex-boyfriend.

{¶15} Pamela S., on the other hand, has cared for C.S. since she was two days old. Her four natural children, the oldest of which is eleven, treat C.S. like a little sister. The Children Services caseworker testified that C.S. is "happy and healthy" under Pamela S.'s care, and that she has no concerns with respect to C.S.'s living arrangements. Pamela S. executed a Statement of Understanding and testified that she is willing to facilitate visits between Mother and C.S.

{¶16} C.S's guardian ad litem testified that it was in C.S.'s best interest for the trial court to grant legal custody to Pamela S. According to C.S.'s guardian ad litem, C.S. needed stability in her life, which Mother was unable to provide.

{¶17} In light of the evidence presented at the custody hearing, we cannot say that the trial court abused its discretion in granting legal custody of C.S. to Pamela S. and denying Mother's request for an extension of time. Mother's second assignment of error is overruled.

III.

{¶18} Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MADELINE LEPIDI-CARINO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

LEE SCHAFFER, Guardian ad Litem.