[Cite as *In re M.H.*, 2019-Ohio-2636.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:

  M.H.,

ABUSED, NEGLECTED,
DEPENDENT CHILD.

[AMBER ARTHUR - APPELLANT]

CASE NO. 9-18-37

O P I N I O N

---

IN RE:

  D.H.,

ABUSED, NEGLECTED,
DEPENDENT CHILD.

[AMBER ARTHUR - APPELLANT]

CASE NO. 9-18-38

O P I N I O N

---

IN RE:

  S.S.,

ABUSED, NEGLECTED,
DEPENDENT CHILD.

[AMBER ARTHUR - APPELLANT]

CASE NO. 9-18-39

O P I N I O N

---

Appeal from Marion County Common Pleas Court
Family Division
Trial Court Nos. 2016 AB 0087, 2016 AB 0088 and 2016 AB 0089

Judgments Affirmed

Date of Decision:  July 1, 2019

Case Nos. 9-18-37, 9-18-38 and 9-18-39

---

**APPEARANCES:**

*Mark M. Noland* **for Appellant**

*Justin J. Kahle* **for Appellee**

---

**WILLAMOWSKI, J.**

**{¶1}** Appellant Amber Arthur ("Arthur") brings this appeal from the judgments of the Court of Common Pleas of Marion County, Family Division granting legal custody of the minor children to Heather Evert ("Evert"). Arthur claims on appeal that the Marion County Children's Services Agency ("the Agency") filed to make reasonable efforts to reunify the minor children with Arthur. For the reasons set forth below, the judgments are affirmed.

**{¶2}** Arthur is the mother of three children: 1) S.S. born in May of 2008, 2) D.H. born in July 2010, and 3) M.H. born in September 2012. On August 2, 2016, the Agency filed a complaint alleging that the minor children were neglected and dependent. ADoc. 1, BDoc. 1, CDoc. 1.[1] The complaint alleged that the children lacked adequate parental care and the home conditions were unsafe. *Id.* The Agency requested that the children be placed under protective supervision. *Id.* A case plan was submitted to the trial court and incorporated into the disposition on August 31, 2016. ADoc. 8., BDoc. 8, CDoc. 9. The case plan required in pertinent

---

[1] ADoc. refers to trial court case number 16AB0089 regarding M.H. BDoc. refers to trial court case number 16AB0088 regarding D.H. CDoc. Refers to trial court case number 16AB0087 regarding S.S.

part for Arthur to 1) complete a mental health assessment and follow through with the recommendations, 2) maintain the home in a reasonable manner, 3) complete a parenting class, 4) speak with the children about what to do in an emergency situation, and 5) cooperate with the Agency. *Id.* An adjudication hearing was held on October 7, 2016. ADoc. 14, BDoc. 14, CDoc. 16. Arthur stipulated at the hearing that the children were dependent and the magistrate found them to be dependent children. *Id.* On October 27, 2016, the trial court adopted the magistrate's decision. ADoc. 15, BDoc. 15, CDoc. 17. On October 31, 2016, the magistrate held a hearing regarding the disposition of the adjudications of dependency for M.H. and D.H. ADoc. 16 and BDoc. 16. The magistrate recommended that the children remain in the custody of Arthur with the Agency maintaining protective supervision. *Id.* The trial court adopted this decision on November 21, 2016. ADoc. 17 and BDoc. 17.

{¶3} The matter regarding S.S. was not heard at that time, as there had not been an adjudication of dependency in regards to the child's father. CDoc. 17. On November 18, 2016, the complaint alleging that S.S. was dependent was dismissed without prejudice because the 90 day time limit had elapsed. CDoc. 23. That same day the Agency filed a new complaint again alleging that S.S. was a dependent and neglected child. CDoc. 24. A second adjudication hearing for S.S. was held on November 30, 2016. CDoc. 29. The magistrate determined that S.S. was a dependent child. *Id.* The trial court adopted the magistrate's decision on December

13, 2016. CDoc. 30. A dispositional hearing was held on December 21, 2016. CDoc. 33. The magistrate allowed Arthur to maintain custody of S.S. under the protective supervision of the Agency. *Id*. The trial court adopted this decision on January 11, 2017. CDoc. 34.

{¶4} On April 27, 2017, the Agency filed a motion for ex parte orders to remove the children from the home. ADoc. 26, BDoc. 26, and CDoc. 41. The motion was filed because Arthur was being evicted from the home, had not kept the home clean, had not tended to the medical needs of the children, and needed further mental health management. *Id*. The motion was granted and the children were placed with Evert. ADoc. 27, BDoc. 27, and CDoc. 42. A new case plan was approved by the trial court on May 9, 2017. ADoc. 29, BDoc. 29, and CDoc. 44. The new case plan showed that temporary custody of D.H. and S.S. was granted to Evert, but M.H. was placed in the temporary custody of the Agency due to his behavioral issues. *Id*. , M.H. was subsequently placed in Evert's temporary custody with his siblings effective June 14, 2017. ADoc. 33, BDoc. 33, and CDoc. 49.

{¶5} On July 13, 2017, the semi-annual administrative review was filed with the trial court. ADoc. 34, BDoc. 34, and CDoc. 51. The review indicated that Arthur was not attending her counseling and had not completed her first aid classes. *Id*. Although the Agency had offered Arthur bus tickets to allow her to get her children to their medical appointments, Arthur had refused to use them. *Id*. Arthur was also unwilling to follow through with mental health recommendations. *Id*.

Arthur was again facing eviction due to the cleanliness (lack thereof) of the home. *Id*. This continued even though the case worker indicated that she had helped Arthur to clean the home on several occasions. *Id*. The review noted that Arthur was unable to maintain the cleanliness of the apartment when the children were with her and that she was not able to consistently and effectively parent the children. *Id*. However, the review did indicate that Arthur had completed her parenting classes.

{¶6} On December 19, 2017, Arthur filed a motion for reunification, overnight visitation, and Christmas visitation. ADoc. 46, BDoc. 46, and CDoc. 71. Arthur also alleged that she had completed her case pan. ADoc. 47, BDoc. 47, and CDoc.72. On January 17, 2018, the Agency filed the semi-annual administrative review. ADoc. 48, BDoc. 48, and CDoc.73. The review indicated that Arthur was not appropriately parenting the children by placing them in adult situations and indicated there was insufficient progress on this goal. *Id*. The review also indicated that although Arthur had completed the case plan objectives, she was "unable to demonstrate that she has gained the ability to protect or support the children's needs." *Id*. at 3. The review noted that Arthur "will most likely require ongoing monitoring and support in order to implement effective and consistent parenting strategies." *Id*. at 5. All three children were noted to have ongoing medical issues. *Id*. at 5-6.

{¶7} On January 26, 2018, the Agency filed a motion requesting the trial court grant legal custody of the children to Evert. ADoc. 49, BDoc. 49, and CDoc.

74. On June 20, 2018, Arthur filed her motion for custody. ADoc. 67, BDoc. 67, and CDoc. 98. Arthur also filed a brief concerning the alleged lack of reasonable efforts put forth by the Agency towards reunification. ADoc. 68, BDoc. 68, and CDoc. 99. The Agency filed its response to Arthur's brief on July 3, 2018. ADoc. 69, BDoc. 69, and CDoc. 102. A hearing on the motions was held on May 17, June 26, and August 17. 2018. During the August 17, 2018 hearing, the GAL testified that his only issue with the home was the smell, which had made him feel ill when he left. Tr. 214-15. That visit had occurred the weekend before the hearing. Tr. 215. The GAL recommended that the trial court grant the motion for legal custody to Evert. Tr. 216.On September 5, 2018, the magistrate issued a decision granting legal custody of the children to Evert. ADoc. 74, BDoc. 74, and CDoc. 108. The decision contained a notice that if a party wanted findings of facts and conclusions of law, a request needed to be made within seven days. *Id*. The notice also informed Arthur that she had fourteen days to file an objection to the decision. *Id*. No request for findings of fact and conclusions of law was filed in this case. Additionally, no objections to the magistrate's decision were filed. On October 17, 2018, the trial court adopted the magistrate's decision, including ordering that Arthur be given parenting time with the children. ADoc. 78, BDoc. 78, and CDoc. 115.

{¶8} On October 30, 2018, Arthur filed her notices of appeal. ADoc. 80, BDoc. 80, and CDoc. 118. Arthur raises the following assignment of error.

**The trial court erred in determining that [the Agency] made reasonable efforts to reunify the minor children with their mother as required under Ohio Law.**

{¶9} "Legal custody" is defined as a legal status giving the custodian the right to have physical care and control over a child while allowing the parents to retain residual parental rights, privileges, and responsibilities. R.C. 2151.011(B)(21). An award of legal custody does not terminate parental rights and leaves open the possibility that a parent may regain custody in the future. *In re M.G.*, 3d Dist. Allen No. 1-18-54, 2019-Ohio-906, ¶ 6. Thus it is not as drastic a remedy as permanent custody and the trial court's standard of review is merely a preponderance of the evidence. *Id*. at ¶ 7. An award of legal custody "will not be reversed on appeal absent an abuse of discretion." *Id*. at ¶ 9.

{¶10} On appeal Arthur claims that the Agency failed to make reasonable efforts to return the children to the home. This court initially notes that the magistrate originally made this finding. No objection to this finding was made and the trial court adopted the finding more than a month after the filing of the magistrate's decision. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b). Juv.R. 40(D)(3)(b)(iv). The failure to file objections forfeits all but a plain error review. *In re B.C.*, 9th Dist. Summit Nos.

26976, 26977, 2014-Ohio-2748, ¶ 24. "[U]nless the appellant argues a 'claim of plain error,' the appellant has waived the claimed errors not objected to below." *In re L.K.*, 12th Dist. Butler No. CA2014-06-145, 2015-Ohio-1091, ¶ 16 quoting *In re K.R.P.*, 197 Ohio App.3d 193, 2011-Ohio-6114, ¶ 10, 966 N.E.2d 952.

{¶11} In this case, the magistrate specifically found that the Agency "made reasonable efforts to finalize the permanency plan" for the children. This finding was adopted by the trial court. Arthur neither requested findings of fact and conclusions of law to support this finding nor objected to this conclusion by the magistrate. She has waived all but plain error on appeal. Arthur also failed to make a claim of plain error in her appellate brief. Thus, she is precluded from raising this issue on appeal. The assignment of error is overruled.

{¶12} Having found no error in the particulars assigned and argued, the judgments of the Court of Common Pleas of Marion County, Family Division are affirmed.

*Judgments Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hls**