[Cite as *In re R.C.*, 2014-Ohio-191.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| R.C. | |
| | Case No. 13 CA 14 |
| DEPENDENT CHILD | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 11 JC 591

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 21, 2014

APPEARANCES:

For Appellant Mother

FEISUL M. KHAN
Post Office Box 273
Zanesville, Ohio 43702-0273

For Appellee GCCSB

BRYAN C. CONAWAY
ASSISTANT PROSECUTOR
139 West 8th Street, P. O. Box 640
Cambridge, Ohio 43725

*Wise, J.*

{¶1}    Appellant Jodie Covington appeals from the decision of the Court of Common Pleas, Guernsey County, which found her son, R.C., to be a dependent child and awarded legal custody of him to an aunt and uncle, Karen and Larry Brooker. The relevant procedural facts leading to this appeal are as follows.

{¶2}    The child in the case sub judice, R.C., was born in November 2011. GCCSB became involved following a referral from medical personnel at South Eastern Regional Medical Center concerning R.C.'s father's handling of the newborn baby. The agency thereupon filed a complaint alleging the child was dependent under R.C. 2151.04.

{¶3}    On November 18, 2011, the trial court issued an ex parte order of temporary custody to GCCSB.  A complaint was filed three days later.

{¶4}    On December 12, 2011, following a "probable cause" hearing, the trial court issued an order granting temporary legal custody of R.C. to his aunt and uncle, Karen and Larry Brooker.

{¶5}    On January 20, 2012, the trial court sua sponte issued an order directing counsel to "secure a suitable translator" for appellant, who has significant hearing issues.

{¶6}    An adjudicatory hearing was originally scheduled for January 31, 2012. Said hearing apparently did not go forward as scheduled.

{¶7}    Another hearing was then set for April 16, 2012. The trial court heard some evidence, but then found additional time would be necessary. The matter was then continued until August 7 and 8, 2012.

**{¶8}** The trial court heard further evidence at the August 2012 hearings, but again found additional time would be necessary. The matter was then continued until November 5, 2012.

**{¶9}** On November 26, 2012, subsequent to the completion of the adjudicatory phase hearing, the trial court issued a judgment entry finding R.C. to be a dependent child. The court again found additional time would be necessary for disposition, and therefore set the matter for further hearing on March 11 and 18, 2013.

**{¶10}** The trial court ultimately issued a judgment entry on April 5, 2013, granting legal custody of R.C. to the Brookers and terminating protective supervision by GCCSB.[1]

**{¶11}** On April 24, 2013, appellant filed a notice of appeal. She herein raises the following four Assignments of Error:

**{¶12}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO DISMISS GUERNSEY COUNTY CHILDREN SERVICES' COMPLAINT WHEN DISPOSITION HAD NOT OCCURRED WITHIN NINETY (90) DAYS OF THE FILING OF THE COMPLAINT.

**{¶13}** "II. THE TRIAL COURT ERRED IN FINDING THE MINOR CHILD TO BE A DEPENDENT CHILD BASED ON THE DISABILITIES OF THE [SIC] MS. COVINGTON AND NOT HER ACTUAL ABILITY TO PARENT.

---

[1] Appellant's brief fails to include or attach a copy of the judgment entry under appeal. See Loc.App.R. 9(A). We have reviewed the original trial court judgment entry in the record.

{¶14} "III.   THE TRIAL COURT ERRED IN FINDING THAT GUERNSEY COUNTY CHILDREN SERVICES HAD MADE REASONABLE EFFORTS TO KEEP THE CHILD IN HIS OWN HOME.

{¶15} "IV.  THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY OF THE MINOR CHILD TO KAREN AND LARRY BROOKER."

I.

{¶16} In her First Assignment of Error, appellant contends the trial court erred in failing to dismiss GCCSB's complaint concerning R.C. pursuant to the relevant dispositional time guidelines. We disagree.

{¶17} Juv.R. 34(A) states as follows in pertinent part: "Where a child has been adjudicated as an abused, neglected, or dependent child, the court shall not issue a dispositional order until after it holds a separate dispositional hearing. *** The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed. If the dispositional hearing is not held within this ninety day period of time, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice."

{¶18} This timeframe mandate is also reflected in the language of R.C. 2151.35(B)(1).

{¶19} Ohio appellate courts have nonetheless recognized that "[a]lthough the time requirements are considered mandatory, a parent may waive them." *See*, *e.g.*, *In re: D.W.*, 4th Dist. Athens No. 06CA42, 2007-Ohio-2552, ¶ 14, citing *In re Kutzli* (1991), 71 Ohio App.3d 843, 845-846, 595 N.E.2d 1026. "A party implicitly waives the time-limit when the party 'fails to move for dismissal when it becomes the party's right to do so, or

when the party assists in the delay of the hearing.' " *Id*., quoting *In re A.P.,* Butler App.No. CA2005-10-425, 2006-Ohio-2717, ¶ 13.

**{¶20}** In the case sub judice, as set forth in our statement of facts above, the GCCSB complaint was filed on November 21, 2011. R.C. was finally adjudicated as a dependent child via judgment entry filed on November 26, 2012, even though the trial court had ordered him into the temporary custody of his aunt and uncle early in the case. After a number of continuances based on the need for a sign-language interpreter and additional hearing time, the dispositional phase was finally commenced on November 5, 2012, and was completed on March 11, 2013.

**{¶21}** Nonetheless, a review of the record reveals that appellant and her trial counsel never moved for dismissal in light of the aforesaid events on grounds of timeliness. Furthermore, the agency, the guardian ad litem, and the court itself never brought up the dispositional timeliness issue in that regard. We therefore find the ninety-day time requirement for disposition under Juv.R. 34(A) and R.C. 2151.35(B)(1) has been waived for purposes of appeal under the circumstances of the case sub judice.

**{¶22}** Accordingly, appellant's First Assignment of Error is overruled.

II.

**{¶23}** In her Second Assignment of Error, appellant contends the trial court erred in finding R.C. to be a dependent child. We disagree.

**{¶24}** As an initial matter, we note the text of this assigned error seems to assert the trial court made its decision based solely on appellant's disabilities, which we submit is not a fair assessment of the court's handling of this case. While the more expansive argument portion of appellant's brief ameliorates the harshness of her textual claim, we

find the trial judge's generous allowance of hearing time for a dependency complaint involving a single child (resulting in a five-volume transcript of well over 1,000 pages) evinces a commendable level of judicial patience and desire to fully consider the evidence in the child's best interest.

**{¶25}** Turning to the pertinent statutory language, R.C. 2151.04 states in pertinent part as follows:

**{¶26}** "As used in this chapter, 'dependent child' means any child:

**{¶27}** "(A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;

**{¶28}** "(B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;

**{¶29}** "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;

**{¶30}** "***."

**{¶31}** Under Ohio law, "[e]very reasonable presumption must be made in favor of the judgment and the findings [of the juvenile court]. * * * If the evidence is susceptible to more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, and most favorable to sustaining the [juvenile] court's verdict and judgment." *In re: MB,* Summit App.No. 21812, 2004–Ohio–2666, ¶ 6, citing *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. It is well established that the trial court, as the fact finder, is free to believe all, part, or none of the testimony of each witness. *See State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096. In contrast, as an appellate court, we neither weigh the evidence nor

judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App.No. CA–5758. "The determination that a child is dependent requires no showing of fault on the parent's part." *In re Bolser* (Jan. 31, 2000), Butler App.Nos. CA99–02–038, CA99–03–048, 2000 WL 146026. However, a court may consider a parent's conduct insofar as it forms part of the child's environment. *In re Alexander C.,* 164 Ohio App.3d 540, 843 N.E.2d 211, 2005–Ohio–6134, ¶ 51, citing *In re Burrell* (1979), 58 Ohio St.2d 37, 39, 388 N.E.2d 738.

{¶32} During the evidentiary hearings regarding adjudication in the case sub judice, the trial court initially heard testimony from eight witnesses called by GCCSB: Roy Higgins (GCCSB caseworker), Carol Huhn (registered nurse at Southeastern Ohio Medical Center), Nancy Neff (medical social worker at Southeastern Ohio Medical Center), Kellie Engstrom (service coordinator for the "Help Me Grow" program at the Guernsey County Board of Developmental Disabilities), Kaylea Hupp (also a service coordinator for the "Help Me Grow" program), Tonya Hitchens (director of service and support at the Guernsey County Board of Developmental Disabilities), Melissa Keylor (GCCSB screening and assessment supervisor), and Johnna Denbow (GCCSB ongoing caseworker). Through various aspects of these witnesses' testimony, the agency presented its chief concerns, namely that both parents are developmentally delayed, that appellant-mother has hearing and communication issues, that the father did not appear to grasp proper techniques for holding and handling an infant, that the father has anger management issues, and that all of these concerns limited the

parenting abilities and adaptability of appellant and father. Evidence was also adduced of appellant's prior diagnoses of borderline intellectual functioning, expressive language disorder, mutism, expressive aphasia, seizure disorder, possible bipolar disorder, and possible post-traumatic stress disorder. Tr., August 7, 2012, at 69.

{¶33} In addition, the agency called clinical psychologist Dr. Robin Tener, who testified as to her professional  evaluation of the parents. In sum, Dr. Tener concluded that neither of them would be able to provide reliable or safe care for R.C. for the foreseeable future. See Tr., August 8, 2012, at 77-78. Although appellant now contends Dr. Tener's evaluation of appellant was problematic, in part because of purported sign language barriers, we have previously recognized, regarding the issue of dependency determinations, that "the law does not require the court to experiment with the child's welfare to see if * * * [the child] will suffer great detriment or harm." *In re F.M.*, Tuscarawas App.No. 2011 AP 07 0029, 2012-Ohio-1082, ¶ 68, quoting *In re Burchfield* (1988), 51 Ohio App.3d 148, 156, 555 N .E.2d 325. Upon review, we conclude the trial court did not err or abuse its discretion in reaching its determination of R.C.'s dependency status pursuant to R.C. 2151.04(B) and (C).

{¶34} Accordingly, appellant's Second Assignment of Error is overruled.

III.

{¶35} In her Third Assignment of Error, appellant contends the trial court erred in finding the existence of the statutory "reasonable efforts" requirement. We disagree.

{¶36} R.C. 2151.419(A)(1) states as follows: "Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at

which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. *If the agency removed the child from home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts. In determining whether reasonable efforts were made, the child's health and safety shall be paramount.*" (Emphasis added).

**{¶37}** In sum, pursuant to the above statutory subsection, the agency which has removed the child must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. *See In re Hess,* Stark App.Nos. 2007CA00262, 2007CA00261, 2008–Ohio–1920, ¶ 46.

**{¶38}** Appellant focuses her argument on the earliest judgment entries in this matter: The November 18, 2011 ex parte order of temporary custody and the December 12, 2011 order granting temporary legal custody to the Brookers. In considering the reasonableness of the agency's efforts to maintain the child in the home in a case such

as this, we must bear in mind that GCCSB was trying to protect a newborn infant and address concerns originating directly with trained hospital personnel. As GCCSB aptly notes in its response brief, efforts were repeatedly made to assist the process of reunification of the child with the biological family, even though it was evident early in the case that the parents would need significant assistance in taking care of their child, despite appellant's disagreement with that assessment.

{¶39} Upon review, we find no reversible error as to the "reasonable efforts" criterion under the facts and circumstances of this case. Appellant's Third Assignment of Error is overruled.

IV.

{¶40} In her Fourth Assignment of Error, appellant contends the trial court committed reversible error by awarding legal custody of R.C. to the Brookers. We disagree.

{¶41} In Ohio, the statutorily permissible dispositional alternatives in a dependency, neglect, or abuse case are enumerated in R.C. 2151.353(A). *See, e.g., In re S.Y.,* Tuscarawas App.No. 2011AP04 0018, 2011–Ohio–4621, ¶ 31. In particular, R.C. 2151.353(A)(3) provides: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: * * * Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. * * *."

**{¶42}** Despite the differences between a disposition of permanent custody and a disposition of legal custody, some Ohio courts have recognized that "the statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial courts making legal custody decisions." *In re A.F.,* Summit App.No. 24317, 2009–Ohio–333, ¶ 7, citing *In re T.A.,* Summit App.No. 22954, 2006–Ohio–4468, ¶ 17. In addition, because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.

**{¶43}** Appellant proposes that the disposition of legal custody to relatives following a dependency adjudication requires a finding of parental unfitness. However, the requirement that a trial court must make a finding of parental unsuitability before awarding custody to a nonparent does not apply in the disposition of cases involving abuse, neglect, or dependency. *In re L.H.*, Muskingum App.No. CT2013–0017, 2013-Ohio-5279, ¶ 25, citing *In re L.M.,* 2nd Dist. Greene No. 2010–CA–76, 2011–Ohio–3285, ¶ 18. *See, also*, *In re T.G.*, Butler App.Nos. CA2005-10-444, CA2005-12-521, 2006-Ohio-5504, ¶ 16.

**{¶44}** Appellant's argument in this regard is thus without merit, and upon review of the record and the testimony and reports therein, including the recommendations of the guardian ad litem, we otherwise find no abuse of discretion in the trial court's decision to award legal custody of R.C. to the Brookers under R.C. 2151.353(A)(3).

**{¶45}** Appellant's Fourth Assignment of Error is therefore overruled.

**{¶46}** For the reasons stated in the foregoing opinion, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.