[Cite as *In re T.P.*, 2015-Ohio-3448.]

STATE OF OHIO          )                     IN THE COURT OF APPEALS

                          )ss:             NINTH JUDICIAL DISTRICT

COUNTY OF SUMMIT    )

IN RE: T.P.                           C.A. No.     27539

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DN 13-07-0489

DECISION AND JOURNAL ENTRY

Dated: August 26, 2015

---

WHITMORE, Judge.

**{¶1}** Appellant, Christine P. ("Mother"), appeals from an order of the Summit County Court of Common Pleas, Juvenile Division, that denied her motion to dismiss the complaint and excused Summit County Children Services Board ("CSB") from making reasonable reunification efforts in the case. This Court dismisses the appeal for lack of a final, appealable order.

I

**{¶2}** During 2012, Mother's older minor children were removed from her custody because she committed crimes against them that included use of a minor in nudity-oriented material or performance, pandering sexually-oriented matter involving a minor, and endangering children. Mother was convicted and incarcerated, the children were placed in the custody of their father, and that case was eventually closed.

**{¶3}** The only child at issue in this case is T.P., who was born July 27, 2013, while Mother was incarcerated. Three days later, CSB filed a complaint to allege that T.P. was a

dependent child because Mother was incarcerated on offenses that included crimes against the child's siblings, Mother was not eligible to keep T.P. in the prison's nursery program, and the father did not want custody of the child.

{¶4} T.P. was adjudicated a dependent child on September 24, 2013, pursuant to a stipulation by both parents, and the trial court adopted the magistrate's adjudication. The magistrate later decided to place T.P. in the temporary custody of CSB and to adopt the case plan previously filed by CSB, which included no reunification goals or services for Mother. The trial court again adopted the magistrate's decision without any objection from Mother. Mother filed no appeal from the adjudication and initial disposition of T.P.

{¶5} CSB later moved for permanent custody of T.P. On July 23, 2014, Mother moved to dismiss the complaint. Relying on this Court's decision in *In re S.R.*, 9th Dist. Summit No. 27209, 2014-Ohio-2749, she argued that she had been improperly excluded from the case plan. She further asserted that amending the case plan would require the trial court to hold another dispositional hearing and, because that hearing could not be held within 90 days of the filing of the complaint, the trial court was required to dismiss the complaint under R.C. 2151.35(B)(1) and Juv.R. 34(A).

{¶6} In response, CSB moved to withdraw its motion for permanent custody and requested a six-month extension of temporary custody, which the trial court granted. CSB filed an amended case plan that included reunification goals and services for Mother. CSB also filed a brief in opposition to Mother's motion to dismiss the complaint.

{¶7} On September 10, 2014, the trial court denied Mother's motion to dismiss the complaint and also found that CSB was relieved from making reunification efforts with Mother

because she had been convicted of crimes against T.P.'s older siblings. *See* R.C. 2151.419(A)(2)(a). Mother appeals from that order and raises three assignments of error.

II

{¶8} During the pendency of this appeal, this Court ordered the parties to brief the issue of its jurisdiction to hear the appeal. Mother filed a brief that argued in support of jurisdiction and CSB moved to dismiss the appeal for lack of a final, appealable order. Through another order, this Court tentatively denied CSB's motion to dismiss, but informed the parties that the finality issue may be revisited during the final disposition of the appeal.

{¶9} Article IV, Section 3(B)(2) of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. "Generally, whether an order is final and appealable is determined by the effect the order has on the pending action, rather than the name attached to the order or its general nature." *In re T.G.*, 12th Dist. Butler No. 2008-01-026, 2008-Ohio-4165, ¶ 14.

{¶10} Under R.C. 2505.02(B)(2), an order is final and appealable if it "affects a substantial right made in a special proceeding." This dependency action is governed by a statutory scheme set forth in R.C. Chapter 2151 that was not recognized by common law. *In re Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43. Consequently, it is not disputed that Mother appeals from an order that was made in a special proceeding.

{¶11} The pivotal question here is whether the order appealed by Mother "affects a substantial right." R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Moreover, an order does not "affect[] a substantial right" under R.C. 2505.02(B)(2) unless it is one that, "'if not immediately appealable, would foreclose

appropriate relief in the future.'" *Southside Community Dev. Corp. v. Levin,* 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶12} A party's inability to seek "appropriate relief in the future" has been equated with having "virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right." *State v. Chalender*, 99 Ohio App.3d 4, 7 (2d Dist.1994). A substantial right is not affected merely because the parties must wait until the final disposition to seek review of interlocutory issues in a dependency and neglect case. *See In re Adams* at ¶ 44.

{¶13} In abuse, neglect, and dependency cases, the Ohio Supreme Court has identified only one order that is appealable prior to the final placement of the child: the juvenile court's adjudication that a child is abused, neglected and/or "dependent, followed by a disposition awarding temporary custody to a children services agency[.]" *In re Murray*, 52 Ohio St.3d 155, 161 (1990). The Court reasoned in *Murray* that the parents would not have an adequate opportunity to appeal the adjudication through a later appeal because the initial adjudication of the child would not be re-litigated; the ultimate disposition of the child may not result in a permanent removal from the home; and the initial "temporary" removal of the child could last as long as two years. *See In re Adams,* 2007-Ohio-4840, at ¶ 38-39.

{¶14} Moreover, the Ohio Supreme Court later held that the adjudication and initial temporary custody disposition cannot be challenged through a timely appeal from the final dispositional order. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 18. Therefore, if parents had no right to an immediate appeal from the adjudication and initial disposition of the child, they would have no opportunity to seek appellate review.

{¶15} Although Mother's brief in support of jurisdiction argues otherwise, in *In re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, this Court did not recognize a right to appeal from an order issued after the adjudication and initial disposition, but merely extended the rationale of *Murray* and *Adams* to the unique facts of the case. In *Z.H.*, this Court found that it had jurisdiction to address the father's collateral attack of the adjudication and initial disposition of his child because he had not been served with notice of the proceedings until long after the time to appeal that order had lapsed. Consequently, the father was deprived of his right to participate in the trial court proceedings or to appeal from the adjudication and initial disposition of his child. *Id.* at ¶ 21. In that specific situation, because the father might have otherwise been foreclosed from seeking appellate review of the adjudication and initial disposition of his child, this Court had jurisdiction to hear the appeal from the trial court's denial of his motion to vacate the judgment. *See id*. at ¶ 11.

{¶16} Mother does not attempt to appeal from an order that bears any of the same indicia of finality. She has participated in all of the trial court proceedings through court-appointed counsel and, in fact, stipulated to the adjudication and initial disposition of her child. She could have, but did not, file a timely appeal from the adjudication and initial disposition of her child.

{¶17} Notably, unlike the father in *Z.H.*, Mother was not previously and will not be foreclosed from seeking appropriate relief through an appeal after the conclusion of the trial court proceedings. Because Mother appeals from two distinct aspects of the trial court's order (denying her motion to dismiss and granting CSB a reasonable efforts bypass), we will address them separately to explain why immediate appellate review is not warranted.

**Denial of Motion to Dismiss the Complaint**

{¶18} Mother moved to dismiss the complaint pursuant to R.C. 2151.35(B)(1) and Juv.R. 34(A), which both provide that, after the trial court adjudicates a child as abused, neglected, or dependent, it "shall not issue a dispositional order until after the court holds a separate dispositional hearing[,] * * * [which] shall not be held more than ninety days after the date on which the complaint in the case was filed." If the trial court fails to comply with this 90-day time limitation, the statute and the rule further provide that "the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice."

{¶19} To begin with, this Court must emphasize that a juvenile court's denial of a motion to dismiss a dependency complaint for failure to comply with the 90-day time requirement will typically accompany the initial dispositional order for the child and, therefore, be subject to immediate appellate review. The 90-day time limit of R.C. 2151.35(B)(1) and Juv.R. 34(A) applies only to the initial dispositional order in the case and any challenge is forfeited if not timely raised. *See, e.g, In re Jones*, 9th Dist. Summit No. 20306, 2001 WL 458682, *2 (May 2, 2001); *In re King-Bolen*, 9th Dist. Medina Nos. 3196-M, C.A. 3201-M, C.A. 3231-M, C.A. 3200-M, 2001 WL 1219471 (Oct. 10, 2001). *See also In re R.C.*, 5th Dist. Guernsey No. 13 CA 14, 2014-Ohio-191, ¶ 19; *In re D.W.*, 4th Dist. Athens No. 06CA42, 2007-Ohio-2552, ¶ 14.

{¶20} Because a timely challenge on this basis would be raised prior to or during the initial dispositional hearing, the trial court usually would address the issue in its initial dispositional order. *See id.* Consequently, through an appeal from the adjudication and initial disposition of the child, a parent could seek immediate review of the juvenile court's denial of a

motion to dismiss the complaint for failure to comply within the time constraints of R.C. 2151.35(B) and Juv.R. 34(A). *See id.*

{¶21} Moreover, the 90-day time constraint is a procedural mechanism that reflects a "legislative intent to expedite hearings in child-custody cases[.]" *In re Brown*, 96 Ohio App.3d 306, 310 (2d Dist.1994). The trial court's denial of Mother's motion to dismiss the complaint on this procedural basis was akin to the denial of a motion to dismiss a criminal complaint for the trial court's failure to comply with the time limits of the speedy trial statutes. *See* R.C. 2945.71-2945.73. The purpose of dismissing a criminal complaint for speedy trial violations similarly reflects a policy that balances the needs of the accused and the public to ensure a prompt resolution of the proceedings. *See United States v. Ewell*, 383 U.S. 116, 120 (1966).

{¶22} Although the requirements and policy behind the time constraints in the juvenile and criminal proceedings are similar, the sanction for an untimely dispositional hearing in a dependency case is purely procedural, as the dismissal is without prejudice, and allows the agency to file a new complaint. *See* R.C. 2151.35(B)(1); Juv.R. 34(A). A speedy trial violation has far more significant implications on the rights of a criminal defendant, as such a violation requires dismissal of the complaint with prejudice, barring new charges against the defendant based on the same conduct. *See* R.C. 2945.72(D).

{¶23} Nevertheless, Ohio does not recognize the denial of a motion to dismiss a complaint on speedy trial grounds as a final, appealable order. *See, e.g.*, *State v. Orr*, 8th Dist. Cuyahoga No. 100931, 2014-Ohio-4814, ¶ 15; *State v. Serednesky*, 7th Dist. Mahoning No. 99 CA 77, 1999 WL 1124763 (Nov. 22, 1999); *State v. Hare*, 10th Dist. Franklin No. 88AP-683, 1989 WL 73901 (July 6, 1989); *Middletown v. Jackson*, 8 Ohio App.3d 431, 431-432 (12th

Dist.1983). Instead, it is subject to appellate review after the proceedings conclude, if the defendant is convicted and sentenced. *See State v. Siler*, 57 Ohio St.2d 1 (1979).

{¶24} Although the finality analysis in criminal proceedings is under R.C. 2505.02(B)(1), rather than R.C. 2505.02(B)(2), the speedy trial cases illustrate that appellate review is not foreclosed by requiring the defendant to wait until after the final judgment. Consequently, Mother has failed to demonstrate that the trial court's denial of her motion to dismiss the complaint is a final, appealable order.

## Reasonable Efforts Bypass

{¶25} Mother also attempts to appeal the trial court's order insofar as it excused CSB from making reasonable case planning efforts to reunify her with T.P. *See* R.C. 2151.419(A)(2). Although this Court has not explicitly addressed whether an order granting an agency a so-called reasonable efforts bypass is a final, appealable, order, it has repeatedly held that other aspects of the case plan are not appealable prior to final judgment.

{¶26} Unlike the adjudication, which is never re-litigated during the proceedings, the case plan is subject to continual change throughout the case, as it is subject to mandatory periodic review and may be changed at any time during the case by the agency or the court that issued the dispositional order. *See* R.C. 2151.41(A); R.C. 2151.412(F)(2). In fact, the case plan may continue to change during an appeal from the adjudication and initial disposition. Because "the trial court retains jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify or affirm the judgment[,]" and "implementation of the case plan would not be inconsistent with appellate jurisdiction, implementation of the plan could proceed during the pendency of the appeal." *In re Murray*, 52 Ohio St.3d at 160. Likewise, because the case moves forward, this same rationale would apply to amendments to the case plan.

{¶27} Although it may be impracticable to afford the parties meaningful relief on errors that have withheld time with their children or reunification services, a primary purpose of requiring a final, appealable order before allowing an appellate challenge is to prevent piecemeal appeals from every interlocutory order throughout the case. *In re T.G.*, 2008-Ohio-4165, at ¶ 14. If parties were permitted to appeal every aspect of the case plan throughout the case, there potentially could be numerous appeals from every case involving an adjudication of abuse, neglect and/or dependency, which would completely undermine legislative and court efforts to expedite these cases.

{¶28} Consequently, this Court has repeatedly held that case plan terms, including the removal of a party from the case plan, do not affect the substantial rights of the parties because those issues can be appealed after the final disposition of the child. *See, e.g., In re J.G.,* 9th Dist. Wayne No. 12CA0037, 2013-Ohio-417, ¶ 40; *In re A.P.,* 196 Ohio App.3d 500, 2011-Ohio-5998, ¶ 15 (9th Dist.). Likewise, on appeal from the final dispositional order, a parent may challenge the trial court's order that grants the agency a reasonable efforts bypass. *See, e.g., In re J.E.*, 9th Dist. Summit No. 23865, 2008-Ohio-412, ¶ 19-24.

{¶29} Mother has failed to demonstrate that she would be foreclosed from seeking appellate review of either aspect of the trial court's order after the final disposition in this case. Consequently, this Court must dismiss the appeal for lack of a final, appealable, order.

Appeal dismissed.

––––––

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.