[Cite as *In re C.M.*, 2019-Ohio-1877.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: C.M.
     C.M.
     C.M.

C.A. No.     29242

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 17-05-0384
                DN 17-05-0385
                DN 17-05-0386

DECISION AND JOURNAL ENTRY

Dated: May 15, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant ("Mother") appeals from the order of the Summit County Court of Common Pleas, Juvenile Division, that granted Appellees' ("Maternal Grandparents") motion to intervene. This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2} Mother is the biological mother of C.M. (d.o.b. 1/13/03), C.M. (d.o.b. 6/28/06), and C.M. (d.o.b. 5/5/08). Father of the children has not participated in this appeal.

{¶3} In May 2017, Summit County Children Services Board ("CSB" or "the agency") filed complaints alleging that the children were dependent, neglected, and abused. At the shelter care hearing, the parties agreed that the oldest child would be placed in the emergency temporary custody of CSB, while the two younger children would be placed in the emergency temporary custody of Maternal Grandparents. The parties later stipulated to a finding that the children were

dependent, and CSB amended its complaints and dismissed all remaining allegations. At disposition, Mother agreed that the oldest child should be placed in the temporary custody of CSB and that the two younger children should be placed in the temporary custody of Maternal Grandparents under supervision by the agency.

{¶4} Subsequently, Maternal Grandparents moved to intervene as parties to the proceedings. After a hearing, the magistrate granted Maternal Grandparents' motion to intervene. Mother filed timely objections to the magistrate's decisions and requested oral argument. While the objections regarding intervention were pending, multiple dispositional motions were filed: (1) Maternal Grandparents filed a motion for legal custody of the two younger children; (2) Mother filed a motion for legal custody; (3) Father filed a motion for legal custody of all three children to Maternal Grandparents; (4) the paternal grandmother filed a motion for legal custody of the oldest child and another child who is not a subject of this appeal; and (5) CSB filed a motion to return legal custody of all the children to Mother.

{¶5} The juvenile court overruled Mother's objections to the magistrate's decisions and granted Maternal Grandparents' motion to intervene in the cases of C.M., C.M., and C.M. Mother filed an appeal in which she raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT[] COMMITTED REVERSIBLE ERROR IN GRANTING MATERNAL GRANDPARENTS' MOTION TO INTERVENE.

{¶6} Mother argues that the juvenile court erred by granting Maternal Grandparents' motion to intervene.

{¶7} After reviewing the initial filings in this appeal, this Court's Magistrate ordered the parties to show cause why the order appealed is a final order. Only Mother responded to the

Magistrate's order, and this Court provisionally determined that the appeal could proceed. To the extent that Mother relied on *In re C.M.*, 9th Dist. Summit No. 21720, 2004-Ohio-1984, we find that case distinguishable on its facts. In that case, the challenge to the juvenile court's orders allowing the maternal grandmother and the paternal great-grandmother to intervene arose out of the mother's appeal from the juvenile court's order holding her in contempt for failing to comply with the terms of an agreement entered into the record among all the parties, as well as the two grandmothers. *Id.* at ¶ 4-6. Given that the grandmothers were parties to the agreement, the alleged violation of which formed the basis of the contempt order, the intervention and contempt issues were codependent. Here, Mother challenges only the order granting Maternal Grandparents' motion to intervene. Accordingly, *In re C.M.*, 2004-Ohio-1984, does not require this Court to conclude that Mother's appeal in this case constitutes a final judgment.

{¶8} In its appellate brief, CSB again raises the issue of finality and argues that this Court lacks jurisdiction to consider the propriety of the juvenile court's order granting Maternal Grandparents' motion to intervene. Article IV, Section 3(B)(2) of the Ohio Constitution limits this Court's appellate jurisdiction to the review of judgments or final orders of lower courts. Pursuant to R.C. 2505.02(B)(2), an order is final and appealable if it "affects a substantial right made in a special proceeding * * *[.]" "Actions in juvenile court that are brought pursuant to statute to temporarily or permanently terminate parental rights are special proceedings, as such actions were not known at common law." *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43, citing *In re Murray*, 52 Ohio St.3d 155, 161 (1990) (Douglas, J., concurring in syllabus and judgment). As this case was initiated as a statutory dependency action, the juvenile court's order granting intervention by Maternal Grandparents was made in a special proceeding.

{¶9} To be immediately appealable, however, the juvenile court's order must also affect a substantial right. R.C. 2505.02(B)(2). A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). It is well settled that "'parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a "substantial right" for purposes of applying R.C. 2505.02.'" *In re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, ¶ 10, quoting *In re Murray* at 157. This Court has additionally recognized that "an order does not 'affect[ ] a substantial right' under R.C. 2505.02(B)(2) unless it is one that, "'if not immediately appealable, would foreclose appropriate relief in the future.'"" *In re T.P.*, 9th Dist. Summit No. 27539, 2015-Ohio-3448, ¶ 11, quoting *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). This Court further clarified:

> A party's inability to seek "appropriate relief in the future" has been equated with having "virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right." *State v. Chalender*, 99 Ohio App.3d 4, 7 (2d Dist.1994). A substantial right is not affected merely because the parties must wait until the final disposition to seek review of interlocutory issues in a dependency and neglect case. *See In re Adams*, 2007-Ohio-4840, at ¶ 44.

*In re T.P.* at ¶ 12.

{¶10} The juvenile court's order does not affect Mother's custody of the children or the agency's obligation to use reasonable efforts to facilitate reunification. Accordingly, the crucial question is whether this Court's refusal, at this time, to consider Mother's challenge to the juvenile court's order allowing Maternal Grandparents to intervene in the proceedings below would foreclose any meaningful relief in the future. We conclude that it would not.

{¶11} The order allowing Maternal Grandparents to intervene allows them to file and prosecute their own motion for legal custody of the children. Even without attaining party status, however, Maternal Grandparents could still be considered as legal custodians. R.C. 2151.353(A)(3) allows any party to move for legal custody to "any other person[,]" i.e., including a non-party. In this case, in fact, Father filed a motion for legal custody of the children to Maternal Grandparents. Mother has not argued or explained how the juvenile court's order granting Maternal Grandparents' motion to intervene interferes with Mother's parental rights so as to affect a substantial right, where the juvenile court may still consider whether it would be in the children's best interest to be placed in Maternal Grandparents' legal custody even were they not parties in the proceedings.

{¶12} Simply by virtue of the children's adjudications as dependent children, Mother's parental rights have been limited. Nevertheless, Mother continues to be able to work her case plan to be able to demonstrate that it is in the best interest of the children to be returned to her legal custody. CSB continues to have a duty to use reasonable efforts to facilitate reunification of the children with Mother. Unless and until the juvenile court awards legal custody to another person, leaving Mother solely with residual rights and responsibilities as to the children, intervention by a third-party renders no greater effect on her substantial right to parent her children.

{¶13} This Court is mindful of our precedent in which we recognized that

[i]n abuse, neglect, and dependency cases, the Ohio Supreme Court has identified only one order that is appealable prior to the final placement of the child: the juvenile court's adjudication that a child is abused, neglected and/or "dependent, followed by a disposition awarding temporary custody to a children services agency[.]"

*In re T.P.*, 2015-Ohio-3448, at ¶ 13, quoting *In re Murray*, 52 Ohio St.3d at 161. In the absence of Mother's demonstration that intervention by Maternal Grandparents has affected her substantial rights in this case, this Court must dismiss Mother's appeal for lack of a final and appealable order. Mother may challenge Maternal Grandparents' intervention into the proceedings at a time, if ever, that she is an aggrieved party who has not regained legal custody of the children.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, J.
DISSENTS.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

BENJAMIN AYERS, Attorney at Law, for Appellee.

MICHAEL B. WASHINGTON, Attorney at Law, for Appellees.

PAMELA HAWKINS, Attorney at Law, for the children.

HOLLY FARAH, Attorney at Law, for the Guardian ad Litem.