[Cite as *In re S.L.*, 2025-Ohio-5493.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                           )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

IN RE: S.L.                         C.A. Nos.     31309, 31310,
     I.L.                                     31533, 31534,
                                        31547, 31548


                                    APPEAL FROM JUDGMENT
                                    ENTERED IN THE
                                    COURT OF COMMON PLEAS
                                    COUNTY OF SUMMIT, OHIO
                                    CASE Nos.    DN 24 06 0406
                                                  DN 24 06 0407

DECISION AND JOURNAL ENTRY

Dated: December 10, 2025

_____

FLAGG LANZINGER, Presiding Judge.

{¶1} Appellant, N.L. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her two minor children dependent and placed them in the temporary custody of Summit County Children Services Board ("CSB"). This Court affirms.

I.

{¶2} Mother is the biological mother of S.L., born February 19, 2021; and I.L., born June 15, 2024. The children's fathers did not appeal from the trial court's judgment. Mother has two older children who are not parties to this appeal but are relevant to the dependency adjudication.

{¶3} Shortly before the birth of I.L., CSB received a referral that Mother had been actively using methamphetamine during her pregnancy and in the presence of then three-year-old S.L. Mother denied using methamphetamine and claimed that she had been sober for the past three

years.  However, she submitted an oral swab, which later tested positive for methamphetamine and amphetamine.  CSB collected another oral swab from Mother shortly after the birth of I.L., which also tested positive for methamphetamine and amphetamine.  The caseworker attempted to develop a voluntary safety plan for Mother, but they could not agree on a suitable adult to serve as the safety plan monitor.

{¶4}  On June 20, 2024, CSB filed complaints, alleging that S.L. and I.L. were dependent children under R.C. 2151.04(B), (C), and (D).  Of relevance here, the allegations of dependency focused on Mother's history of methamphetamine abuse, which had been the basis of prior dependency adjudications of her two older children, I.T. and S.H.  The complaints also alleged recent drug use by Mother, pointing to the two drug swabs that tested positive for methamphetamine and amphetamine.  Mother continued to deny recent drug use despite those positive drug screens.

{¶5}  The case proceeded to an adjudicatory hearing before a magistrate.  CSB presented the testimony of two CSB intake caseworkers, certified records from the prior cases of I.T. and S.H., drugs test results from Forensic Fluids Laboratories, and the testimony of a Forensic Fluids scientist who explained the drug test results.  Mother presented no evidence at the hearing.

{¶6}  Despite repeated statements in Mother's appellate brief that she tested negative for drugs at the hospital when I.L. was born, there is no evidence in the record that Mother was tested for drugs at the hospital, much less that she tested negative for drugs.  At the hearing, the only evidence about Mother's drug tests came from CSB and Forensic Fluids Laboratories and demonstrated that Mother submitted oral swabs two days before and three days after the birth of I.L., both of which tested positive for methamphetamine and amphetamine.  A caseworker testified about collecting the oral samples and a Forensic Fluids scientist testified about the testing process.

He explained that the samples went through two levels of screening to rule out false positives. CSB also introduced an exhibit with the Forensic Fluids test results.

{¶7}   Following the adjudicatory hearing, the magistrate dismissed the allegations of dependency under R.C. 2151.04(B) and (C), and adjudicated S.L. and I.L. dependent under R.C. 2151.04(D).  Mother filed objections to the magistrate's decision, which were later overruled by the trial court.  The trial court adjudicated S.L. and I.L. dependent and placed them in the temporary custody of CSB.

{¶8}   Mother initially filed interlocutory appeals, which were dismissed by this Court because the orders appealed were not final.  Mother now timely appeals from the trial court's adjudicatory and dispositional judgment and raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN ADJUDICATING THE CHILDREN AS DEPENDENT, WHERE THERE HAD BEEN NO ADJUDICATION OF DEPENDENCY AND THE MOTHER HAD PRESENTED A VALID DRUG TEST SHOWING CLEAN RESULTS.

{¶9}   Mother's first assignment of error is that the trial court's dependency adjudication was not supported by the evidence presented at the adjudicatory hearing.  The trial court adjudicated S.L. and I.L. dependent under R.C. 2151.04(D), which defines a dependent child as one "[t]o whom both the following apply:"

(1) The child is residing in a household in which *a parent*, guardian, custodian, or other member of the household *committed an act that was the basis for an adjudication that a sibling of the child* or any other child who resides in the household is an abused, neglected, or dependent child.

(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household.

(Emphasis added.) R.C. 2151.04(D).

{¶10} We begin by emphasizing that Mother challenges the trial court's adjudicatory finding under only R.C. 2151.04(D)(1), not (D)(2). Insofar as Mother's stated assignment of error refers to evidence of a "clean" (negative) drug test result, there is no such evidence in the record. Moreover, Mother has not developed an argument that the evidence presented at the hearing about her recent methamphetamine use failed to satisfy the requirements of R.C. 2151.04(D)(2).

{¶11} Instead, Mother's sole argument on appeal is that the trial court had no evidence before it to support its finding under R.C. 2151.04(D)(1) that Mother committed an act that was the basis for a prior dependency adjudication of these children's siblings. Mother seems to be confused about the language of R.C. 2151.04(D)(1) and the adjudications that formed the basis of the trial court's statutory finding.

{¶12} In its complaint, in addition to allegations that the older siblings of S.L. and I.L. had previously been adjudicated dependent, CSB also alleged that S.L. was previously adjudicated abused, neglected, and dependent. Mother is correct that CSB offered no evidence about a prior adjudication of S.L. Nonetheless, evidence of a prior adjudication of S.L. would not satisfy the requirements of R.C. 2151.04(D)(1) pertaining to S.L. By its explicit terms, R.C. 2151.04(D)(1) refers to the prior adjudication of a "sibling" or "any other child" in the household, not the same child who is the subject of the dependency complaint.

{¶13} In this case, the agency presented undisputed evidence to support its allegations about the adjudications of I.T. and S.H., the older siblings of both S.L. and I.L. CSB presented, and the trial court admitted, certified records from the juvenile cases of the older siblings. Those records demonstrated that the juvenile court had previously adjudicated those children dependent based, in part, on Mother's abuse of methamphetamine. I.T. and S.H. were ultimately placed in

the legal custody of their respective non-custodial fathers. This evidence established CSB's allegations under R.C. 2151.04(D)(1).

{¶14} Consequently, Mother's argument that there was no evidence to establish the requirements of R.C. 2151.04(D)(1) is not supported by the record. Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN APPROVING ELEMENTS OF A CASE PLAN NOT DIRECTED TO ADDRESS THE REASONS REMOVAL OF THE CHILDREN.

{¶15} Mother's second assignment of error challenges some of the requirements of the case plan. This Court has repeatedly and consistently held that the court-ordered requirements of the case plan are not final and appealable at this interlocutory stage of the proceedings. *See*, *e.g.*, *In re J.M.*, 2023-Ohio-1206, ¶ 28-30 (9th Dist.); *In re T.P.*, 2015-Ohio-3448, ¶ 28 (9th Dist.); *In re J.G.*, 2013-Ohio-417, ¶ 40 (9th Dist.); *In re B.M.*, 2012–Ohio–4093, ¶ 24 (9th Dist.); *In re A.P.*, 2011-Ohio-5998, ¶ 15 (9th Dist.).

{¶16} This Court has premised that conclusion on the rationale that the requirements of the case plan "do not affect the substantial rights of the parties because those issues can be appealed after the final disposition of the child." (Internal quotations and citations omitted). *In re J.M.*, 2023-Ohio-1206, at ¶ 28 (9th Dist.). Specifically, unlike the adjudication that is never relitigated, the case plan "'is subject to mandatory periodic review and may be changed at any time during the case by the agency or the court that issued the dispositional order.'" *Id*. at ¶ 29, quoting *In re T.P.*, 2015-Ohio-3448, at ¶ 26 (9th Dist.). Because this Court lacks jurisdiction to review Mother's second assignment of error, it will not be addressed.

### III.

{¶17} Mother's first assignment of error is overruled. This Court does not reach the merits of her second assignment of error for lack of jurisdiction. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


JILL FLAGG LANZINGER
FOR THE COURT


SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and AARON B. CAMPBELL, Assistant Prosecuting Attorney, for Appellee.